# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JASON GREGORY SINGLETON,
ADC # 116043                                                                                          PLAINTIFF

V.                                         4:09-cv-00579-JLH-JJV

KARL BYRD, Sheriff, Faulkner County
Sheriff's Office; *et al.*                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge J. Leon Homes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the

hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who was a pretrial detainee at the Faulkner County Detention Center at the time of the events giving rise to this lawsuit, filed a *pro se* Complaint (Doc. No. 2) against jail officials alleging various constitutional violations. His lawsuit was filed on July 28, 2009 and service was directed by the Court (Doc. No. 5) on August 28, 2009. The Defendants filed an Answer (Doc. No. 17) and the matter was set for an evidentiary hearing. In a Scheduling Order dated December 16, 2009 (Doc. No. 19), the Court scheduled a hearing date for May 4, 2010, and directed Plaintiff to submit a witness list and statement of facts to the Court by January 15, 2010. He was cautioned that, pursuant to Local Rule 5.5(c)(2), if he failed to respond to this order by January 15, 2010, his action would be subject to dismissal for failure to prosecute.[1]

---

[1] Local Rule 5.5(c)(2) states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff never responded to the Court's Order and has made no further correspondence with the Court since the filing of his Complaint. Plaintiff remains in the custody of the Arkansas Department of Correction, where he was incarcerated at the time of the filing the Complaint, and none of his mail has been returned to the Court as undeliverable, raising the inference that the Court's correspondence has been received.

Under these circumstances, the Court concludes that Plaintiff has failed to comply with Local Rule 5.5(c)(2) and his complaint should be dismissed without prejudice. *See also* Fed. R. Civ. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "a clear record of delay or contumacious conduct by the plaintiff"); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

At this time, this is a recommendation to the presiding District Judge to dispose of the case pursuant to the local procedural rules. If Plaintiff wishes to proceed with this case, he should respond by filing a written objection to this Order.

IT IS THEREFORE RECOMMENDED that:

1.  Plaintiff's Complaint (Doc. No. 2) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and any pending motions be DENIED as moot.

      2.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

  DATED this 26th day of August, 2010.

                                                            _____
                                                            JOE J. VOLPE
                                                            UNITED STATES MAGISTRATE JUDGE